## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**SCOTT V. ANDERSON,**

**Plaintiff,**

v.                                        **CASE NO. 23-3230-JWL**

**KANSAS DEPARTMENT OF CORRECTIONS, ET AL.,**

**Defendants.**

## MEMORANDUM AND ORDER

Plaintiff and state prisoner Scott V. Anderson, who is housed at Larned State Correctional Facility in Larned, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983, based on events that occurred while he was incarcerated at El Dorado Correctional Facility (EDCF) in El Dorado, Kansas. (Docs. 1 and 1-2.) The Court has reviewed the complaint and other documents Plaintiff filed to begin this action and has identified certain deficiencies that are set forth below and that leave the complaint subject to dismissal in its entirety. The Court will therefore direct Plaintiff to file a complete and proper amended complaint that cures the deficiencies identified herein. If Plaintiff fails to do so in the allotted time, this matter will be dismissed without further prior notice to him.

### I. Nature of the Matter before the Court

To initiate this action, Plaintiff submitted to this Court over 65 pages of documents, including a complaint, a motion for leave to proceed in forma pauperis, and a motion to appoint counsel. The motion for leave to proceed in forma pauperis (Doc. 2) is pending and will be addressed in a separate order. The motion to appoint counsel (Doc. 3) will be addressed later in this order. The remaining pages include a complaint filed on the court-approved forms (Doc. 1, p.

1

6); a civil cover sheet (Doc. 1-1); eight pages of additional factual allegations and argument, titled "Complaint of Violation of Civil Rights" (Doc. 1-2, 1-8), which appears to be a document prepared for submission to attorneys and law firms as part of Plaintiff's attempts to obtain counsel; a list of cases Plaintiff believes are relevant and attorneys Plaintiff has contacted in respect to this matter (*id.* at 9); a timeline of the relevant events (*id.* at 10-11); and 28 pages documenting Plaintiff's efforts for relief through the prison administrative processes (Doc. 1-3). Plaintiff also submitted a "Complaint for Violation of Civil Rights (Prisoner)," which appears to be a second complaint but is not on the required forms approved by this Court. (Doc. 1-4.) In the portion of this form that asks, "What are the facts underlying your claim(s)," Plaintiff wrote "See Attachment (Complaint)." *Id.* at 3. Finally, Plaintiff has submitted summonses for various individuals. (Doc. 1-5.)

Highly summarized, Plaintiff asserts the following facts relevant to this federal civil rights action: In April 2020, Plaintiff was transferred to a maximum custody unit at EDCF, where he was housed with maximum custody inmates despite being  classified as minimum custody. (Doc. 1-2, p. 1.) He sought transfer back to a minimum custody facility, but his requests were denied or went unanswered. *Id.* at 4. On April 19, 2022, he was violently assaulted in his cell by another inmate; Plaintiff suffered a torn foreskin and a head wound and perhaps may have lost consciousness. *Id.* at 1-2; (Doc. 1, p. 2).

Although initially too afraid of retaliation to report the assault, Plaintiff sought medical help early the following morning when he experienced chest pain; Plaintiff was evaluated in the dayroom and was escorted to a trauma room. *Id.*; (Doc. 1-2, p. 2). Once in the trauma room, Plaintiff disclosed the assault. *Id.* After Plaintiff's injuries and statement were documented, he was placed in administrative segregation—where he received no follow-up medical attention—until April 23, 2023, at which time he was returned to his previous cellhouse, where he was harassed

by other inmates. *Id.* at 3; (Doc. 1, p. 2-3). Plaintiff began filing grievances and pursuing other administrative relief, and in May 2022, he was transferred to another correctional facility. *Id.* at 3; (Doc. 1-2, p. 3). Plaintiff alleges that his medical care was delayed, which caused "wrongful healing," irritation, and infection, and that he suffers from post-traumatic stress disorder and recurring nightmares. (Doc. 1-2, p. 2-3.) He seeks monetary damages, asserting violations of equal protection, due process, and the constitutional duties to protect him from harm and to provide proper medical care. (Doc. 1, p. 4-6.)

## II.     Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes this pro se amended complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal

is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of [his] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d his] claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then Plaintiff has not met his burden. *See Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 570).

## III.  Discussion

The threshold problem in this matter is that Plaintiff has filed two complaints (Doc. 1 and Doc. 4), which leaves this Court unable to determine which Defendants Plaintiff intends to name in this matter. In the complaint filed at Doc. 1, the caption identifies the Kansas Department of Corrections (KDOC) as the defendant. (Doc. 1, p. 1.) But the body of the complaint identifies only EDCF a defendant. *Id.* at 1-2. In the other complaint, filed at Doc. 1-4, the caption identifies the KODC and EDCF as the defendants. (Doc. 1-4, p. 1.) But the body of this complaint identifies the defendants as Mrs. Titsworth, a nurse employed by Centurion who works at EDCF, and EDCF correctional officer Colonel Tobin, Jr. *Id.* at 2.

"To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 Fed. Appx. 757, 759 (10th Cir. 2009)(quoting *Robbins v.*

*Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). "[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013). The submissions now before the Court include two complaints that inconsistently identify the defendants to this action. Accordingly, even liberally construing the complaints and taking all allegations therein as true, the Court cannot determine who Plaintiff intends to sue in this matter. Plaintiff will be given time in which to submit one complete and proper amended complaint, on the court-approved forms, which clearly identifies the defendant or defendants to this action.

In the interest of judicial efficiency, the Court will identify additional deficiencies in the documents now before this Court so that Plaintiff may ensure those deficiencies do not remain in any amended complaint he may file. First, EDCF is not a proper defendant in this action and any claims against it will be subject to dismissal because EDCF is not a "person" suable under § 1983. As noted above, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West*, 487 U.S. at 48-49. Prison and jail facilities are not proper defendants because neither is a "person" subject to suit for money damages under § 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66, 71 (1989) (state agency is not a "person" which can be sued under Section 1983); *Davis v. Bruce*, 215 F.R.D. 612, 618 (D. Kan. 2003), *aff'd in relevant part*, 129 Fed. Appx. 406, 408 (10th Cir. 2005).

Similarly, to the extent that Plaintiff intends to name the KDOC as a defendant, the KDOC will be subject to dismissal if Plaintiff continues to seek only monetary damages. (*See* Doc. 1, p. 6; Doc. 1-4, p. 3.) Under the Eleventh Amendment, the State of Kansas and its agencies—such as the KDOC—are absolutely immune from suit for money damages. The Eleventh Amendment

presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)). Therefore, in the absence of some consent, a suit in which an agent or department of the state is named as a defendant is "proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also McGee v. Corizon*, 831 F. App'x 381, 384 (10th Cir. 2020) (unpublished) ("As to the Kansas Department of Corrections, the Eleventh Amendment bars McGee's claim. It is well-recognized that an action cannot be brought in federal court against a state or its agencies.") (citation omitted). It is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

For these reasons, to the extent that Plaintiff names EDCF or the KDOC as defendants in his amended complaint and continues to seek only money damages, the claims against EDCF or the KDOC will be subject to dismissal. Plaintiff must identify—in the caption of the amended complaint and again in the body of the amended complaint—persons who personally participated in the specific constitutional violations that form the basis for this action. Plaintiff is further advised that an essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985)*; Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006)*.* Thus, he should ensure that the facts alleged in his amended complaint sufficiently show each defendant's direct personal participation in the constitutional violation or violations.

## IV. Amended Complaint Required

Because the two complaints submitted to this Court leave unclear the identity of the named

Defendants to this action, an amended complaint is required. The Court will direct the clerk to provide Plaintiff with a court-approved form on which Plaintiff must file his amended complaint. Plaintiff must name each and every defendant in the caption of the amended complaint and again refer to each and every defendant in the body of the amended complaint. In each count of the amended complaint, he must adequately identify the federal constitutional provision or law he believes was violated and he must allege sufficient facts to show that each defendant personally participated in at least one of the federal constitutional violations alleged in the complaint, including dates, locations, and circumstances.

Plaintiff is advised that the amended complaint will not supplement the original complaint; it will completely replace it. Therefore, any claims or allegations not included in the amended complaint will no longer be before the Court. Plaintiff may not simply refer to an earlier filed pleading; the amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from the documents now before this Court. Plaintiff may attach additional pages to the form complaint if necessary, but he should not utilize the form complaint only to refer the Court generally to an attached memorandum. If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which will be dismissed for the reasons stated herein without further prior notice to Plaintiff.

## V.     Motion to Appoint Counsel (Doc. 3)

Also before the Court is Plaintiff's motion for appointment of counsel. (Doc. 3.) There is no constitutional right to appointment of counsel in a civil case. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of

counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court concludes in this case that (1) it is not clear at this juncture that plaintiff has asserted a colorable claim against a suable defendant; (2) the issues are not yet clarified and may not be complex; and (3) plaintiff appears capable of adequately presenting facts and arguments. Thus, the Court will deny the motion without prejudice to refiling if the material circumstances change.

**IT IS THEREFORE ORDERED** that the motion to appoint counsel (Doc. 3) is **denied without prejudice.** It is further ordered that Plaintiff is granted to and including November 20, 2023, to file a complete and proper amended complaint that cures all the deficiencies discussed herein. The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 18th day of October, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge