IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SCOTT V. ANDERSON,**

    **Plaintiff,**

    v.                                                      CASE NO. 23-3230-JWL

**JEFF ZMUDA, ET AL.,**

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff, a state prisoner appearing pro se and in forma pauperis, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at Larned State Correctional Facility in Larned, Kansas, but his claims are based upon events that occurred while Plaintiff was incarcerated at El Dorado Correctional Facility (EDCF) in El Dorado, Kansas.

In the amended complaint, Plaintiff names as Defendants EDCF Unit Team Manager A. Johnson, EDCF Warden Tommy Williams, and EDCF inmate Paul L. Barnett. (Doc. 6, p. 1-3.) As the factual background for this action, Plaintiff alleges that on April 15, 2020, he was transferred to EDCF and placed into general population with "violent and aggressive" inmates who had security classifications higher than Plaintiff's minimum custody classification. *Id.* at 4. Although Plaintiff requested "several times" to be transferred to a lower custody environment in compliance with Internal Management Policy and Procedures (IMPPs), his requests were denied. *Id.*

Plaintiff further alleges that he spoke with Defendant Johnson about an issue Plaintiff had with Defendant Barnett, which led to Defendant Johnson changing Plaintiff's tablet pin number in March 2022. Yet Defendant Johnson did not transfer Plaintiff, despite Plaintiff's growing

1

concerns. *Id.* On April 19, 2022, Defendant Barnett attacked Plaintiff, punching and kicking him, and inflicting injuries that required surgical intervention. *Id.* Plaintiff alleges that Defendants Zmuda, Williams, and Johnson's failures to fulfill their duties under the IMPPs delayed the surgery until 7 months after the attack, which led to infection and "wrongful healing." *Id.*

In Count I of the amended complaint, Plaintiff alleges that Defendants Zmuda, Williams, and Johnson failed in their constitutional duty to protect him from harm. *Id.* at 5. This appears to be an argument based on the Eighth Amendment prohibition against cruel and unusual punishment, which requires prison officials to "take reasonable measures to guarantee the safety of the inmates." *See Smith v. Allbaugh*, 987 F.3d 906, 910 (10th Cir. 2021) (internal quotation marks and citations omitted). Plaintiff contends that Defendant Johnson knew about Defendant Barnett's violent history but refused to transfer Plaintiff until after the attack occurred. (Doc. 6, p. 5.)

In Count II, Plaintiff alleges the violation of his constitutional Due Process Rights, the unconstitutional deliberate indifference to the risk of harm to Plaintiff, and that he was eventually transferred as retaliation for his seeking relief through inmate grievance procedures. *Id.* In Count III, Plaintiff alleges the violation of the constitutional prohibition against cruel and unusual punishment based on his being housed—from April 15, 2020 to May 17, 2022—with violent prisoners in maximum custody despite his being a minimum custody inmate. *Id.* at 6. As relief, Plaintiff seeks money damages.[1] *Id.* at 7.

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate KDOC officials. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). The Court will not

---

[1] In another portion of the amended complaint, Plaintiff states that he "want[s] [f]ederal [h]ate crimes charges" brought against Defendant Barnett. (Doc. 6, p. 3.) This Court cannot order the criminal prosecution of Defendant Barnett; "such an order would improperly intrude upon the separation of powers." *See Presley v. Presley*, 102 Fed. Appx. 636, 636 (10th Cir. 2004) (unpublished).

order service of process at this time but will continue screening the amended complaint after receipt of the report ordered herein and Plaintiff's response to that report.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1) The Court will not order service of process at this time.

(2) The Kansas Department of Corrections ("KDOC") shall submit the *Martinez* Report no later than January 2, 2024, unless the time is extended by the Court. Plaintiff will then have to and including February 2, 2024 in which to file a response to the *Martinez* Report if he wishes to do so. Upon the filing of that Report and any response by Plaintiff, or when the time for filing a response has expired, the Court will screen Plaintiff's amended complaint and issue further orders as appropriate.

(3) Officials responsible for the operation of El Dorado Correctional Facility are directed to undertake a review of the subject matter of the amended complaint:

    a. To ascertain the facts and circumstances;

    b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint; and

    c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(4) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. If the KDOC officials wish to file any exhibits or portions of the report under seal or without service on Plaintiff, they must file such portions separately from the public report and provisionally under seal, to be followed immediately by a Motion to Seal or Redact Document(s). The KDOC officials are exempt from filing the Notice of Proposed Sealed Record under D. Kan. Rule 5.4.2(b).

(5) Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(6) Authorization is granted to the KDOC officials to interview all witnesses having knowledge of the facts, including Plaintiff.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, the KDOC may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, counsel for the KDOC, and the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

**Dated November 2, 2023, in Kansas City, Kansas.**

> s/ John W. Lungstrum
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**