IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SCOTT V. ANDERSON,

                Plaintiff,

v.     CASE NO. 23-3230-JWL

KANSAS DEPARTMENT OF CORRECTIONS, ET AL.,

                Defendants.

**MEMORANDUM AND ORDER**

This matter is a pro se civil rights action filed by Plaintiff and state prisoner Scott V. Anderson. Plaintiff filed his amended complaint on October 30, 2023, and on November 2, 2023, the Court ordered the Kansas Department of Corrections to submit a *Martinez* Report regarding the events underlying this complaint. (Docs. 6 and 7.) This matter comes now before the Court on Plaintiff's second motion to appoint counsel. (Doc. 8.) Therein, Plaintiff identifies several unsuccessful efforts he has made to retain counsel and he points out the delay in receiving legal mail and the restrictions on his ability to call attorneys that are caused by his incarceration. Plaintiff also asserts that he needs legal representation to advise him on how to proceed, to conduct cross-examination, to obtain and issue subpoenas, and to assist with motion practice in this matter. *Id.*

As Plaintiff acknowledges in his motion, there is no constitutional right to appointment of counsel in a civil case. *Id.* at 1; *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115

1

(10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. This case is in the screening phase of the proceedings, in which the Court determines whether Plaintiff has asserted a plausible claim against a suable defendant. At this point, there is no need for Plaintiff to issue subpoenas or conduct cross-examination, nor has Plaintiff identified specific motions appropriate for filing at this point with which he would need the assistance of counsel. The Court has ordered the *Martinez* Report, which will assist in determining the nature and complexity of the factual and legal issues in this matter. Plaintiff will have the opportunity to respond to that report and Plaintiff has thus far adequately presented his facts and arguments. Thus, the Court is not convinced that appointment of counsel is warranted at this time and it will deny the motion without prejudice to refiling if the material circumstances change.

**IT IS THEREFORE ORDERED** that the motion to appoint counsel (Doc. 8) is **denied without prejudice.**

**IT IS SO ORDERED.**

DATED:  This 15th day of November, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge