IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SCOTT V. ANDERSON,

                                             Plaintiff,

        v.                                                                 CASE NO. 23-3230-JWL

KANSAS DEPT. OF CORRECTIONS, et al.,

                                             Defendants.

**MEMORANDUM AND ORDER**

      Plaintiff and Kansas prisoner Scott V. Anderson, who is housed at Winfield Correctional Facility in Winfield, Kansas, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983 in which he asserts claims based on events that occurred while he was housed at El Dorado Correctional Facility (EDCF) in El Dorado, Kansas. This matter comes before the Court on Plaintiff's third amended complaint, filed July 22, 2024. (Doc. 24.) The Court has conducted the required screening of the third amended complaint and, as explained below, will dismiss this matter without prejudice for failure to state a plausible claim on which relief could be granted.

     **I.**     **Nature of the Matter before the Court**

      Plaintiff filed his original complaint in this matter on October 15, 2023. (Doc. 1.) As required by statute, the Court screened the complaint and, on October 18, 2023, issued a memorandum and order (M&O) identifying the deficiencies in the complaint that left this matter subject to dismissal in its entirety. (Doc. 4.) The Court granted Plaintiff time in which to file a complete and proper amended complaint curing the deficiencies. *Id.* at 1.

      Plaintiff timely filed an amended complaint. (Doc. 6.) The Court began screening the amended complaint but concluded that the proper processing of Plaintiff's claims could not be

achieved without additional information from the Kansas Department of Corrections (KDOC). Thus, the Court issued a second M&O on November 2, 2023 directing that the KDOC be added to the docket as an interested party and ordering the KDOC to submit a *Martinez* report. (Doc. 7, p. 1-3.) The KDOC filed the *Martinez* report on May 3, 2024. (Doc. 16.)

On May 30, 2024, Plaintiff filed a motion for leave to file a second amended complaint (Doc. 20) and a response to the *Martinez* report (Doc. 21). Because Plaintiff was entitled to amend his complaint once as a matter of course under Rule 15(a) of the Federal Rules of Civil Procedure, the motion was moot, so the Court conducted the required screening of the proposed second amended complaint, which was attached to the motion. In an M&O issued on June 25, 2024, the Court denied as moot the motion for leave to file a second amended complaint, directed that the proposed second amended complaint be filed, and identified several deficiencies in the second amended complaint that left this matter subject to dismissal in its entirety. (Doc. 22, p. 3-13.) The Court also allowed Plaintiff time in which to file a third amended complaint curing the deficiencies. *Id.* at 13. Plaintiff timely filed his third amended complaint, hereafter referred to as the "TAC," on July 22, 2024. (Doc. 24.)

## II.     The Third Amended Complaint

As the factual background for the TAC, Plaintiff alleges that on April 15, 2020, he was transferred to EDCF, which is a maximum security facility. *Id.* at 2. Because Plaintiff had 6 points and was classified as a minimum custody inmate, he submitted several unsuccessful requests to transfer to a minimum-custody facility, as he believed was required by KDOC Internal Management Policies and Procedures (IMPPs). *Id.* On April 19, 2022, Plaintiff was assaulted by another EDCF resident and suffered injuries that allegedly led to him needing a circumcision later that year. *Id.* He was transferred out of EDCF on May 17, 2022. *Id.*

Plaintiff names as Defendants EDCF Deputy Warden of Support Services Maria Bos, EDCF Unit Team Manager Amanda Johnson, and EDCF Warden Tommy Williams. *Id.* at 1-3. As Count I, Plaintiff alleges that he was subjected to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution by being housed in a maximum custody facility—where he was eventually attacked—for 25 months despite being a minimum custody inmate. *Id.* at 4. As facts in support of Count I, Plaintiff asserts that Defendant Bos violated IMPPs concerning inmate housing when she admitted Plaintiff to EDCF. *Id.* As Count II, Plaintiff alleges that he was subjected to unconstitutional cruel and unusual punishment and was placed at substantial risk of serious harm to his health and safety when Defendant "Johnson failed her constitutional duty to take reasonable measures to guarantee the safety of the residents [at EDCF and p]rovide humane conditions of confinement." *Id.*

As Count III, Plaintiff alleges that he was subjected to unconstitutional cruel and unusual punishment due to the "inhumane conditions of confinement" that put his health and safety at substantial risk of serious harm. *Id.* at 5. Plaintiff also points out again that he was housed at EDCF despite being a minimum custody inmate. *Id.* at 6. To factually support Count III, Plaintiff alleges that Defendant Williams "failed in his constitutional duty to take reasonable measures to guarantee the saf[et]y of residents and violated IMPP[]s in regards to movement within EDCF and failed to provide humane conditions of confinement." *Id.* at 5. As relief, Plaintiff seeks $5,000,000.00 from each Defendant, jointly and severally; $2,500,000.00 in punitive damages; $1,500,000.00 "in nominal damages"; and $1,000,000.00 in compensatory damages. *Id.* at 7.

**III.   Discussion**

The Court is required to screen the TAC and dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant

immune from such relief. *See* 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff proceeds pro se, this Court liberally construes the TAC and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the TAC as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Even liberally construing the TAC, taking all well-pleaded factual allegations therein as true, and drawing all reasonable inferences in Plaintiff's favor, the TAC does not state a plausible claim for relief.

Count I of the TAC is based on Defendant Bos violating IMPPs that govern inmate movement and housing. (Doc. 24, p. 4.) As the Court has already explained to Plaintiff, violations of IMPPs "do not provide a cause of action under § 1983 unless the prison official's conduct 'failed to conform to the constitutional standard.'" (Doc. 22, p. 9-10 (quoting *Porro v. Barnes*, 624 F.3d 1322, 1329 (10th Cir. 2010) (internal quotation marks omitted)).) In the TAC, Plaintiff does not allege sufficient facts to show that Defendant Bos violated a constitutional standard. Thus, Count I is subject to dismissal for failure to state a plausible claim for relief.

Counts II and III generally allege the failure by Defendants Johnson and Williams to protect Plaintiff from harm and provide humane conditions of confinement. (Doc. 24, p. 4-6.) The Court has explained to Plaintiff the elements of claims of unconstitutional failure to protect or deliberate indifference to a substantial risk of serious harm. (Doc. 22, p. 7-9, 11.) Despite this, Plaintiff does not "allege [in the TAC] sufficient facts to show that a defendant was both aware of facts from which the inference could be drawn that a substantial risk of serious harm [to Plaintiff] existed, and that they also drew the inference." *See id.* at 9. Rather, he repeats the same type of

4

general allegations that the Court previously identified as insufficient. Thus, Counts II and III are subject to dismissal for failure to state a plausible claim for relief.

Finally, the Court has explained to Plaintiff that being a minimum-security inmate housed at a maximum-security facility is insufficient by itself to state a plausible claim of unconstitutional cruel and unusual punishment because Plaintiff "has no constitutional right to dictate where he is housed, whether it is which facility or which custody classification within a facility." *Id.* at 11 (citations omitted). Thus, to the extent that the TAC can be liberally construed to assert a claim of unconstitutional cruel and unusual punishment based solely on his housing placement, this too is not a plausible claim for relief under § 1983.

This Court could allow Plaintiff another opportunity to file a complaint that states a plausible claim for relief. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). But the deficiencies in the TAC were present in the second amended complaint as well and the Court already has given Plaintiff the opportunity to file a complaint that cures them. He has not done so. Accordingly, the Court declines to allow Plaintiff the opportunity to further amend his complaint. *See Jensen v. West Jordan City*, 968 F.3d 1187, 1202 (10th Cir. 2020) (explaining that refusing leave to amend is justified when there is "'failure to cure deficiencies by amendments previously allowed'").

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice for failure to state a plausible claim on which relief can be granted.

**IT IS SO ORDERED.**

DATED:  This 24th day of July, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge